## Brunozzi et al. v. Homestead Fire Insurance Company of Baltimore

*David Landau*, for plaintiffs.
*Welles, Mumford & McGrath*, for defendant.

HOBAN, J., February 21, 1940.—The position of defendant in asking for a more specific statement of the respective interests of plaintiffs in the subject matter of the controversy, the details of the fire which destroyed the automobile insured by defendant, and the disposition of the remains of the machine after the fire, is well taken.

The mere averment in the statement of claim that one plaintiff is the holder of the title and the other is the holder of the encumbrance does not accurately define their respective interests. It seems to be the theory of plaintiffs that since these plaintiffs are the only ones in interest, either as owner of record or holder of a lien, it should make no difference to defendant what their respective interests may be, since defendant insured the automobile against loss by fire, no matter what the respective interests of plaintiffs therein might have been. But this is a false assumption. It may be that either one or the other may have the entire interest in the property in fact, if not by appearance on the record, or, if their interests are exactly declared, it is possible that some other interest might appear contrary to the terms of the policy. In any event, defendant is entitled to know the exact interests of plaintiffs in the automobile for the purpose of determining the exact share which it may be compelled to pay either one or both of the plaintiffs.

Plaintiffs likewise should declare with particularity the details of the fire as to the exact time and location thereof. The mere statement that it occurred on March 25, 1939, on a public highway in the Borough of Jessup, is not a sufficient statement of the facts. Unless defendant is informed as to the exact location in Jessup where the fire took place and the exact time thereof, it may be hampered or seriously delayed in its investigation, the location of witnesses, and so on. Plaintiffs' theory seems to be that, since they have averred the filing of proofs of loss within the time prescribed by the policy, and these proofs of loss contain the necessary data, they should not

be compelled to repeat this detailed information in the formal statement of claim. This is certainly a new conception of the law of practice, and one which we feel neither reason nor any statutory authority supports. Proofs of claim are documents contracted to be filed for the benefit of insurance companies to facilitate the settlement of losses, but they are in no sense a legal statement of claim. The requirements for the statement of claim are prescribed in the Practice Act of May 14, 1915, P. L. 483, and not in any insurance policy or subordinate documents thereto, and what the Practice Act requires is a statement of facts sufficient that not only defendant may be informed as to what he is faced with in the nature of a claim, but the court or tribunal charged with the trial of the case may likewise have before it the respective statements of fact which create the issue. Plaintiffs must, therefore, amend to set forth in detail the location, time, origin, and progress of the fire, or explain why such details cannot be set forth.

It will also be noted that the policy contains a provision for the protection of salvage. Now it is true that plaintiffs claim total destruction of the motor vehicle, but it is matter of common knowledge that automobile fires, even though totally destructive in their effect, leave after them metallic remains which as a rule have some salvage value, even if only a junk value. Defendant is entitled to be informed as to the disposition of the remains of the machine and its salvage value, if any, or to a clear statement that there was no such salvage value, accompanied with the statement of the manner of disposition of the remains, which is information defendant is entitled to have in order to check the accuracy of the statement.

Now, February 21, 1940, the rule to show cause why a more specific statement of claim should not be filed is made absolute, and plaintiffs are allowed 15 days from the date hereof to file an amended statement of claim, in conformity with the foregoing opinion.